**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICARDO TORRES | : | |
| | : | |
| Appellant | : | No. 825 EDA 2016 |

Appeal from the Judgment of Sentence February 29, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013755-2014,
CP-51-CR-0013756-2014

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS[*], P.J.E.

MEMORANDUM BY PANELLA, J. **FILED JULY 16, 2018**

Ricardo Torres appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his convictions on two counts each of corruption of minors, indecent assault of a person less than thirteen, and unlawful contact with a minor.[1] We affirm.

The trial court succinctly set forth the relevant facts and procedural history of this case as follows:

During 2013 and 2014, the complainant A.S. – then between six and seven years old – spent several days a week at her grandmother's house on East Clearfield Street in Philadelphia. The grandmother's husband, along with her then nine-year-old son M.T. and adult stepson [Appellant], also lived in the house. On more than one occasion, while A.S.'s siblings were playing with

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii); 3126(a)(7); and 6318(a)(1), respectively.

M.T., [Appellant] took A.S. to an upstairs back bedroom located behind M.T.'s room. He put her on his lap, and touched her vagina over her clothing. Sometimes A.S.'s friend A.J., who lived across the street from [Appellant], was present during the assault. A.S. also saw [Appellant] touch A.J.'s "private parts" on more than one occasion.

A.J. also used to frequent the house where [Appellant] lived between 2013 and 2014. She was around seven years old at the time. [Appellant] would put A.J. on his lap and touch "close to [her] butt," on her stomach, and in her vaginal area. The assaults happened on more than one occasion, either in the downstairs playroom, upstairs in M.T.'s room, or in [Appellant's] stepmother's room.

At the close of the Commonwealth's case, [the trial] court granted [Appellant's] motion for judgment of acquittal as to the two counts of endangering the welfare of a child. The court found him guilty of the remaining charges and deferred sentencing for a presentence investigation, mental health evaluation, and evaluation by the Sexual Offenders Assessment Board. On February 29, 2016, the court sentenced him to five years of probation. This appeal followed.

Trial Court Opinion, filed 3/22/17, at 1-2.

Appellant purportedly raises a single question on appeal. Upon review of his brief, we observe that Appellant actually raises two distinct issues regarding trial testimony from Christian Dozier, a forensic interviewer from the Philadelphia Children's Alliance. Below, we address the first issue, a challenge under Pennsylvania Rule of Evidence 701 to Ms. Dozier's lay witness testimony about her impressions of A.J.'s disclosure. Appellant's second issue specifically contests the admission of Ms. Dozier's testimony about typical disclosures from a sexually abused child, given the Commonwealth's failure to qualify her as a behavioral expert on sexual violence under 42 Pa.C.S.A. § 5920. The latter challenge has not been preserved for our review.

On appeal, a party may challenge the trial court's admission of evidence only if the party made a timely objection on the record at trial, and stated the specific ground for excluding such evidence. *See* Pa.R.E. 103(a)(1)(A)-(B). "Our Supreme Court's rules on issue preservation simply do not allow the parties to change their theories for relief indiscriminately as they move through the trial and appellate processes." ***Commonwealth v. Gordon***, 528 A.2d 631, 639 (Pa. Super. 1987) (per curiam). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

If ordered, an appellant must file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Commonwealth v. Allshouse***, 969 A.2d 1236, 1239 (Pa. Super. 2009) (citation omitted).

At trial, Appellant objected to the question counsel for the Commonwealth posed to Ms. Dozier, asking if A.J.'s disclosure of sexual abuse was typical for a child. *See* N.T., Trial, 11/24/15, at 149. However, Appellant specifically objected to the question's relevance. ***See id***. Appellant does not raise any issue on appeal concerning the relevance of this testimony.

Also, Appellant's Rule 1925(b) statement unambiguously objects to Ms. Dozier's alleged bolstering of A.J.'s testimony as a violation of Pa.R.E. 701.

*See* Appellant's Supplemental Statement of Errors Complained of on Appeal, filed 8/22/16, at 2 (unpaginated). In its opinion, the trial court responds only to Appellant's challenge under Rule 701. *See* Trial Court Opinion, filed 3/22/17, at 2-3. Appellant's first mention of 42 Pa.C.S.A. § 5920 is in his appellate brief.

At trial, Appellant failed to specifically object to Ms. Dozier's testimony about other sexual abuse victims based on her lack of qualification as an expert witness under § 5920. And his Rule 1925(b) statement was insufficient to alert the trial court to his § 5920 claim. Therefore, we find this argument waived. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b).

In his remaining dispute, Appellant argues Ms. Dozier testified, over objection, to A.J.'s demeanor during her forensic interview. Appellant asserts this evidence was not within the confines of lay witness opinion testimony permitted by Pa.R.E. 701. Appellant contends that even if Ms. Dozier had testified as an expert witness, this testimony constituted an impermissible personal opinion of A.J.'s credibility and character for honesty. Appellant insists Ms. Dozier's statement about A.J.'s demeanor during the interview bolstered A.J.'s credibility, and prevented him from obtaining a fair trial. Appellant concludes we must vacate his judgment of sentence, and remand for a new trial. We disagree.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa.

2002) (citation omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Berry*, 172 A.3d 1, 3 (Pa. Super. 2017) (citation omitted).

Pennsylvania Rule of Evidence 701 states that in cases where a witness is not testifying as an expert, his or her opinion testimony must be limited to what is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 701." Pa.R.E. 701.

"Generally, lay witnesses may express personal opinions related to their observations on a range of subject areas based on their personal experiences that are helpful to the factfinder." *Berry*, 172 A.3d at 3-4 (citations omitted). "[L]ay opinion testimony embracing an ultimate issue in a case is admissible as long as the witness perceived the events upon which his opinion is based." *Commonwealth v. Bowser*, 624 A.2d 125, 133 (Pa. Super. 1993) (citation omitted).

At trial, counsel for the Commonwealth questioned Ms. Dozier about the summary she wrote while conducting A.J.'s interview. *See* N.T., Trial, 11/24/15, at 140. After Ms. Dozier read the summary and refreshed her recollection, counsel asked her to testify about her impressions of A.J.'s disclosure at the time of the interview. *See id*., at 144. Appellant objected,

on the basis that the Commonwealth was asking for "expert opinion about the child's credibility with regard to the disclosure." *Id*., at 145. Counsel for the Commonwealth denied that she was asking for a credibility assessment, and again asked Ms. Dozier what she had written in her report after the court overruled the objection. *See id*. Ms. Dozier replied that A.J.'s forensic interview was consistent with the statements received in A.J.'s intake materials. *See id*. She also stated A.J. relayed specific sensory details of the incident, including that Appellant's hands felt warm, and "like someone was pinching her." *Id*., at 145-146. Counsel for the Commonwealth then played the video of the interview. *See* N.T., Trial, 11/24/15, at 146.

Appellant fails to explain how Ms. Dozier's testimony violated Pa.R.E. 701. As Appellant points out in his appellate brief, opinion testimony regarding A.J.'s credibility would have been improper even if Ms. Dozier had been qualified as an expert. *See* Appellant's Brief, at 12. However, at no point in her testimony did Ms. Dozier express a belief that A.J. was telling the truth. And aside from the erroneous assertion that Ms. Dozier vouched for A.J.'s credibility, Appellant fails to explain how Ms. Dozier's testimony was in violation of Pa.R.E. 701. Thus, Appellant's issue lacks merit. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/18